**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anant Kumar Tripati, | No. CV-13-00615-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Incorporated, et al., | |
| Defendants. | |

On August 24, 2018, the Court issued an Order (Doc. 274), which denied Plaintiff's motions to disqualify the Court, for a permanent injunction against Counsel and Corizon for HIPPA violations, and for a Telephonic Rule 16 Scheduling Conference. The Court found no basis for disqualification because Plaintiff simply objected to unfavorable rulings by the Court. It denied the request for a Rule 16 Scheduling Conference because discovery was completed prior to the remand of this case. The Court refused to enjoin the Defendants from using Plaintiff's medical records which Defendants shared with counsel without securing a release from the Plaintiff. The Court explained that such relief for any HIPPA violation would fail because Plaintiff could not show "any prejudice based on the disclosure of the information in this case because he has put his health information at issue; to the extent Plaintiff claims too much or irrelevant information was disclosed and is being used for an improper purpose, he has not made such a showing on the current record." (Order (Doc. 274) at 6.) The Court set October 15, 2018, as the deadline for filing dispositive motions in this case. *Id.* at 7.

The Plaintiff followed the Court's Order with a Motion to Disqualify Counsel for the alleged HIPPA violation and Motion in Limine to Preclude Evidence Obtained Unlawfully without a medical release. The Court issued a text order denying the motions pursuant to Order (Doc. 274); "no showing of prejudice from HIPPA violation because he has placed his health information at issue." (Order (Doc. 275)). The Defendants followed this Order with two motions: Motion for Clarification and Motion to Extend the Dispositve Motion Deadline. The Defendants ask the Court to clarify that Defendants did not violate HIPPA.

The Court clarifies that it did not reach the merits of whether or not there has been a HIPPA violation. It does not intend to reach the question because if a HIPPA violation occurred here it does not preclude the Defendants from using the Plaintiff's medical record evidence in this case. As this Court held in its Order issued on August 24, 2018, the Plaintiff has placed his medical care and treatment by Defendants at issue, and he cannot go forward with his case without his medical records being in evidence. The Defendants note that the medical records were disclosed during briefing of the issue of whether Plaintiff was perpetrating a fraud upon the Court regarding his claim of blindness which resulted in this Court's dismissal of the case and subsequent remand. There was no objection by Plaintiff to the Defendants' reliance on his medical records then. The Court does not see any procedural necessity to reopen discovery for the sole purpose of ordering the Plaintiff to provide a release for those records, nunc pro tunc.

**Accordingly,**

**IT IS ORDERED** that the Motion for Clarification (Doc. 280) is GRANTED to the extent it is necessary to reaffirm again the Order issued on August 24, 2018 (Doc. 274).

**IT IS FURTHER ORDERED** that the Motion to Extend the Dispositive Motion Deadline by 25 days from this Court's ruling on the Motion for Clarification (Doc. 281) is GRANTED: the dispositive motions deadline is extended to November 9, 2018.

**IT IS FURTHER ORDERED** that <u>there shall be no further extensions of time for filing dispositive motions.</u>

Dated this 11th day of October, 2018.

Honorable David C. Bury
United States District Judge