**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anant Kumar Tripati,<br><br>Plaintiff,<br><br>v.<br><br>Corizon Incorporated, et al.,<br><br>Defendants. | No. CV-13-00615-TUC-DCB<br><br>**ORDER** |

On March 21, 2018, this case returned to this Court's active docket when the Ninth Circuit Court of Appeals reversed this Court's dismissal of the action as a sanction because the Plaintiff lied to the Court about being blind and needing a typewriter. On remand, the Court denied Plaintiff's request for a Rule 16 case management scheduling conference. The Court explained: "This action was originally dismissed on October 27, 2015, nearly a year after the December 19, 2014 discovery deadline had passed," and Plaintiff made no showing why discovery was not completed during that time. (Order (Doc. 274) at 6.) The Court set a deadline for the parties to file dispositive motions of: October 15, 2018.

Since the remand, the Plaintiff has been complaining that Defendant and Defendant's counsel have violated HIPPA. The Court has twice ruled that regardless of whether or not HIPPA was violated, the Plaintiff has placed his medical condition at issue and his medical records are, therefore, discoverable. (Order (Doc. 274) at 5-6; Order (Doc. 279); Order (Doc. 282)). On October 12, 2018, the Court had to reset the

dispositive motions deadlines when it again addressed the HIPPA issue, and reset it to November 9, 2018. The Court ruled that there would be no further extensions of time for filing dispositive motions.

On October 17, 2018, the Plaintiff filed a Motion for Limited Discovery related to his allegations that Defendant's counsel fails routinely in defense of prisoner cases to secure medical records pursuant to release forms. On November 5, 2018, Plaintiff filed a copy of a Petition for Mandamus; Request for Stay directed to the Ninth Circuit Court of Appeals which appears to relate to the case management and discovery rulings by this Court.

The Court denies the Motion for Limited Discovery because discovery has closed in this case and the discovery request is not related to the claims in this case. To the extent the Plaintiff intended this Court should consider staying the case pending this interlocutory appeal, the Court denies any such stay.

**Accordingly,**

**IT IS ORDERED** that the Motion for Limited Discovery (Doc. 289) is DENIED.

**IT IS FURTHER ORDERED** that this matter shall not be stayed during the pendency of any interlocutory appeal related to the Petition for Mandamus.

Dated this 6th day of November, 2018.

_____
Honorable David C. Bury
United States District Judge