**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anant Kumar Tripati,<br><br>        Plaintiff,<br><br>v.<br><br>Corizon Incorporated, et al.,<br><br>        Defendants. | No. CV-13-00615-TUC-DCB<br><br>**ORDER** |

      Plaintiff has been given Notice and Warning that failing to file a Response to Defendants' Motion for Summary Judgment may result in it being summarily granted. (Notice (Doc. 310) (citing Fed. R. Civ. P.56; LRCiv 56.1(e); LR Civ 7.2(e)(1)). Instead of filing a Responsive brief, he has chosen to object to the Defendants' use of his medical record evidence to support their motion for summary judgment because Defendants allegedly violated HIPPA by disclosing them to counsel without his release. *See* (Response (Doc. 309)).

      On November 8, 2018, he similarly filed a Renewed Verified Motion for Limited Discovery Due to Admitted Crime-Fraud. (Doc. 312.) He adds vague assertions that Defendants failed to disclose some documents he requested during discovery, which has been closed since before the remand of this case for disposition on the merits. The Court explains here, without using any legalese in an effort to make it clear to the Plaintiff, that it intends to review his claims based on the merits to the best of its ability depending on the record before it. Plaintiff put his medical condition at issue in this case, therefore, Defendants are entitled to his medical records through discovery. Whether Defendants

violated HIPPA in releasing them to counsel without securing a release from the Plaintiff is a question this Court did not reach because it reasoned that if Corizon had asked for a medical release and had Plaintiff objected, the Court would have required Plaintiff to sign the release and disclose his medical records or forfeit his case. Given jumping through these procedural hoops would have only served to delay disposition of the case, the Court simply denied the Plaintiff's request to preclude Defendants from using his medical records to support their motion for summary judgment. The Court found there is no prejudice to the Plaintiff because these are his medical records which he may obtain by simply requesting them. *See* (Reply (Doc. 314) (citing ADC Departmental Order 1104)).

The Court has informed the Plaintiff that it would grant no further extensions of time to file his Response to Defendants' Motion for Summary Judgment. The Court, however, affords him one last opportunity to address the merits of his claims in opposition to Defendants' dispositive motion. The Court shall strike any Response or portion thereof that is not responsive to the merits of the Defendants' Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that the Renewed Verified Motion for Limited Discovery (Doc. 312) is DENIED.

**IT IS FURTHER ORDERED** that the deadline for filing a Response to Defendants' Motion for Summary Judgment is extended to January 21, 2019. There is no extension of time for filing the REPLY in support of his Motion for Summary Judgment. The Reply deadline is NOT extended. NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED. Failure to file a Response to the merits of the Motion for Summary Judgment shall result in this Court's disposition of it without further notice to the Plaintiff.

Dated this 17th day of December, 2018.

_____
Honorable David C. Bury
United States District Judge