**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anant Kumar Tripati, | No. CV-13-00615-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Incorporated, et al., | |
| Defendants. | |

On October 18, 2018, the Plaintiff filed a Motion for Summary Judgment. On November 21, 2018, the Defendants filed a Motion for Summary Judgment. Plaintiff's motion is fully briefed and ready for disposition. The Court has repeatedly warned the Plaintiff that his failure to file a substantive response to the Defendants' Motion for Summary Judgment may result in the Court's ruling on the motion summarily, pursuant to LRCiv. 7.2(i). Plaintiff has repeatedly failed to file a substantive response and has instead repeatedly raised objections to the Defendants' use of his medical records to support their dispositive motion.

On December 18, 2018, this Court gave Plaintiff one last warning and reset the Response deadline to January 21, 2019. The Court held that "NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED." Instead of filing the Response, Plaintiff takes another run at Defendants' medical record evidence. This time he argues that "new evidence" has been discovered which reflects that the Defendant Corizon's medical records are suspect. He attaches orders issued in *Parsons v. Ryan,* CV12-601

PHX-ROS and CV 12-601 PHX-DKD, a class action lawsuit resolved by a settlement agreement several years ago. The Orders relied on by the Plaintiff were issued in the context of contempt proceeding against Corizon for failing to comply with the terms of the settlement agreement. In this context, both Judges Silver and Duncan found that Corizon's data system allowed for after-the-fact manipulation of medical records and the evidence reflected that Corizon had made such changes to improve the picture related to compliance factors being monitored by the Court. Plaintiff makes a broad discovery request related to Corizon's medical record/data system including technical manuals, documents provided in *Parsons* for monitoring, and cases, complaints, orders, etc. issued against Corizon, and Plaintiff seeks leave to amend his Complaint in this case. The request is denied.

Again, this case is about specific allegations against specific Defendants about specific medical care that was allegedly denied. More importantly, Plaintiff knows his own medical history. He has the medical record upon which Defendants rely for the requested summary judgment. He has had the opportunity to compare the two. He does not point to any discrepancies, fraudulent or otherwise, existing in the record before the Court.

**Accordingly,**

**IT IS ORDERED** that the Motion for Discovery (Doc. 321) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff having failed, after repeated warnings, to file a Response, the Defendants' Motion for Summary Judgment is taken under advisement pursuant to LRCIV. 7.2(i).

Dated this 12th day of March, 2019.

Honorable David C. Bury
United States District Judge